UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY EUGENE LEWIS,<br><br>    Plaintiff,<br><br>  vs.<br><br>DEPARTMENT OF CORRECTIONS<br>STATE OF WASHINGTON, et al.,<br><br>    Defendants. | NO.  CV-09-5047-EFS<br><br>**ORDER DENYING MOTIONS** |

    BEFORE THE COURT are Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Ct. Rec. 4), Motion to Accord Liberal Reading and Construction thereto Applying any Appropriate Standards, Conclusions of Law or Relief Thereof (Ct. Rec. 6), Motion for Reference to Include Jurisdictional Statute and Authority under 42 U.S.C. § 1997 Civil Rights of Institutionalized Persons Act (Ct. Rec. 11), Motion for an Order to Allow Plaintiff Pro Se as an Indigent Inmate Unlimited and Unrestricted Indigent Legal Mail Postage Debt and Legal Photocopying Access to the Courts While a Prisoner of the Department of Corrections (Ct. Rec. 12), Motion for Permission to Serve a Supplemental Retaliation of Facts and Claims Concerning Plaintiff's Civil Rights Action Against a Conspiracy to Deprive Plaintiff of Various Constitutional Rights While a Prisoner (Ct. Rec. 14), and Motion for Default Judgment (Ct. Rec. 21).

    Plaintiff did not properly note each of his motions for hearing as

ORDER DENYING MOTIONS -- 1

required by LR 7.1(h), Local Rules for the Eastern District of Washington. Because Plaintiff is proceeding *pro se*, the Court has noted Plaintiff's motions on the date signed below. **PLAINTIFF IS CAUTIONED THAT ANY FURTHER MOTIONS SUBMITTED TO THE COURT WITHOUT NOTING THEM FOR HEARING IN COMPLIANCE WITH THE LOCAL RULES WILL NOT BE ADDRESSED BY THE COURT.**

### MOTION FOR INJUNCTIVE RELIEF

Plaintiff has filed a motion requesting injunctive relief. The Court, however, has no jurisdiction to address Plaintiff's motion until he has filed a legally sufficient complaint. *See* generally Fed. R. Civ. P. 3 and the notes following the rule. Defendants are not parties to a suit before being served with process, *see Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). Accordingly, **IT IS ORDERED** Plaintiff's motion **(Ct. Rec. 4)** is **DENIED** with leave to renew.

### MOTION TO ACCORD LIBERAL READING

Plaintiff has filed a one page motion inviting the Court to liberally construe his complaint. As stated in the Order to Amend or Voluntarily Dismiss, the Court has liberally construed Plaintiff's complaint in the light most favorable to him. Therefore, **IT IS ORDERED** Plaintiff's motion **(Ct. Rec. 6)** is **DENIED as moot.**

### MOTION FOR REFERENCE TO INCLUDE JURISDICTIONAL STATUTE

Plaintiff filed a motion on June 22, 2009, seeking to incorporate an additional statute. Plaintiff is advised that if he wishes to change any of the information in his complaint, he must file an amended complaint which functions as a complete substitute for, and not a mere supplement to, the prior complaint. Because the Court has directed Mr. Lewis to either amend his complaint or voluntarily dismiss this action,

ORDER DENYING MOTIONS -- 2

**IT IS ORDERED** Plaintiff's motion **(Ct. Rec. 11)** is **DENIED as moot.**

## MOTION REGARDING POSTAGE DEBT AND PHOTOCOPYING

Plaintiff seeks an Order allowing him unlimited and unrestricted indigent legal mail postage debt and access to photocopying. Plaintiff wishes to exceed the weekly postal limit of $9.60, and asks this Court to override a Department of Corrections Policy which restricts legal photocopies to documents challenging a current conviction or sentence, or conditions of confinement.

Plaintiff has not alleged he has actually been denied access to the court based on the legal mail and photocopy policies. He does not assert a specific instance when he was actually denied access to the court due to these limitations. *See Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994) (internal quotations omitted). Again, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). The claim must involve a direct or collateral attack on the inmate's sentence or a challenge to the conditions of confinement. *Id.*

Clearly, Plaintiff's request for unlimited access to postage and photocopies for causes of action unrelated to his present conviction and sentence or conditions of confinement is unwarranted. He does not assert he has been denied all means of duplicating his legal materials, including paper, a writing implement, and/or carbon paper. The Court has not required Mr. Lewis to submit all U.S. Marshal 285 forms in a single posting so as to exceed the weekly limitation. Indeed, in light of the Order to Amend or Voluntarily Dismiss, Plaintiff may disregard the directive from the District Court Executive, dated June 25, 2009, to submit U.S. Marshal 285 forms for those Defendants named in his initial

ORDER DENYING MOTIONS -- 3

complaint. Therefore, **IT IS ORDERED** Plaintiff's motion **(Ct. Rec. 12)** is **DENIED**.

## MOTION TO SERVE SUPPLEMENTAL PLEADING

Plaintiff apparently seeks to supplement his pleadings by adding claims against persons who were not Defendants to the initial complaint. He claims he was infracted with a general infraction, rather than a major infraction, for refusing to work after he had submitted his complaint on June 10, 2009.

Plaintiff should be mindful that any claims which arose after he initially submitted his complaint must be exhausted through the appropriate administrative proceeding. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (Exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action.) He may then file a separate cause of action for which he will be responsible for the full filing fee. Therefore, **IT IS ORDERED** Plaintiff's motion **(Ct. Rec. 14)** is **DENIED** and the District Court Executive shall **STRIKE** from the record Plaintiff's Supplemental Pleadings **(Ct. Rec. 16)**.

## MOTION FOR DEFAULT JUDGMENT

Finally, Plaintiff filed a Motion for Default Judgment on August 7, 2009. Contrary to Plaintiff's assertions, the Court has not directed service on the named Defendants due to the deficiencies in Plaintiff's complaint. Plaintiff has been directed to amend or voluntarily dismiss. Accordingly, Plaintiff's motion is pre-mature. Therefore, **IT IS ORDERED** the motion **(Ct. Rec. 21)** is **DENIED**.

///

///

ORDER DENYING MOTIONS -- 4

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to Plaintiff.

**DATED** this ___14th_____ day of August 2009.

                          s/ Edward F. Shea
                          EDWARD F. SHEA
                     UNITED STATES DISTRICT JUDGE

Q:\Civil\2009\9cv5047efs-8-13-denmtns.wpd

ORDER DENYING MOTIONS -- 5